Nott, J.
delivered the opinion of the Court.
The plaintiff has a right to discontinue his action, or suffer a nonsuit, notwithstanding the defendant may have filed a discount. That question was settled in the Constitutional Court *263 as early as tbe year 1795, or 6, in the case of William Pool v. Henry Coon. I appeared for the defendant, and haye preserved a note of the ease, which is as follows.
The plaintiff brought an action on several promissory notes: the defendant pleaded the general issue, and gave a discount in evidence. When the jury retired the Judge went out of Court. The jury returned in his absence, having found a verdict for the defendant, which they delivered to the clerk. The plaintiff’s attorney went to the clerk, and having discovered that the verdict was against him, when the Judge returned into Court, and before the verdict was published, moved for leave to suffer a nonsuit. An objection was made by the defendant’s counsel on two grounds. First, that the plaintiff’s counsel had surreptitiously discovered the verdict, and ought not to be allowed to take advantage of his own wrong: and secondly, that the set-off was in the nature of a cross action brought to avoid a multiplicity of suits, and the defendant having obtained a verdict, the plaintiff ought not to be allowed to defeat it by suffering- a nonsuit. The Judge ordered the verdict to be recorded, subject to the opinion of the Constitutional Court. That Court held, that such conduct was reprehensible in the attorney, but that it did not impair the plaintiff’s right to suffer a nonsuit; and that a set-off was a collateral matter which could not affect the plaintiff’s right. A nonsuit was therefore granted.
The plaintiff in this case ought therefore to have been permitted to discontinue ; and he is intitled to do so now, if he desires it. The same rule is recognized as to the defendant’s right to withdraw his discount, in the case of Dove v. Hanks, 3 M‘C, 558. But the defendant’s counsel, in this case, has made'no motion in this Court for leave to discontinue, or suffer a nonsuit; and has even declined to accept it when offered to him, but rests his casé altogether upon a motion for a new trial. It appears to the Court, however, to have been a case very fit for the consideration of a jury, and the facts have all been very fairly submitted to them. There does not appear to be any good ground for a new trial, and both the motions for that purpose are therefore refused.